IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIGUEZ,

    Plaintiff,

vs.

UNKNOWN-NAMED DISCIPLINARY
HEARINGS AGENT A.K.A. "SERGEANT
SIMMONS," et al.,

    Defendants.

No. 2:09-cv-02195 FCD KJN PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

_____/

Presently before this court is plaintiff's motion for preliminary injunction and seven separate requests for judicial notice.[1]  For the reasons set forth below, this court recommends that plaintiff's motion for preliminary injunction be denied, and orders that plaintiff's requests for judicial notice be granted in part and denied in part.

BACKGROUND

Plaintiff Jose DeJesus Rodriguez, a pro se litigant, filed a motion for preliminary

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010.  (Dkt. No. 27.)

1

injunction in this action[2] on December 29, 2009. (Dkt. No. 16.) Although the motion was originally noticed for January 14, 2009 [sic], this court subsequently took the matter under submission after permitting defendants 30 days to respond to the request for injunctive relief. Defendants Steve Moore, Sheriff of San Joaquin County and Jeffrey Simmons[3] timely opposed the motion.

DISCUSSION

Motion for Preliminary Injunction

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit recently modified its standard for preliminary injunctive relief to conform to the Supreme Court's admonition in Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008), that the moving party must demonstrate that—absent an injunction—irreparable injury is not only possible, but likely.[4] Stormans, Inc. v. Selecky, 586 F.3d 1109, 1126 (9th Cir. 2009). Under this standard, "preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the

---

[2] This action has not yet been set for an initial status conference (Dkt No. 5). Therefore, the court will direct the clerk's office to set this matter for a status conference at the conclusion of this opinion.

[3] In his First Amended Complaint, plaintiff names an additional defendant, Deputy A. Knapp. The court directed the marshal's office to serve that defendant via an order issued March 5, 2010 (Dkt. No. 32.)

[4] Under the previous standard a preliminary injunction could be granted "if the plaintiff 'demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Earth Island Inst. v. U.S. Forest Serv., 351 F.3d 1291, 1298 (9th Cir. 2003) (internal quotation marks and citations omitted) (reversing the denial of a preliminary injunction where the district court had found that the mere *possibility* of such harm was speculative).

2

merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc., at 1127.[5]

Procedural defects aside, plaintiff has not shown that future irreparable injury is likely or that he even has standing to bring a request for injunctive relief. Plaintiff, in sum, seeks the following relief:

> That . . . this Court order defendants, their successors, agents, employees and all persons acting in concert with them to provide plaintiff and other pretrial detainees in administrative segregation who have been subjected to a punishment known as "full restriction," which among other things denies them a phone call for up to twenty five (25) days. And that they cooperate when this Court orders an authorization to the FBI to conduct an investigation of plain tiff's [sic] claims. (Dkt. No. 16 at 3.)

Yet plaintiff does not contend that he is currently incarcerated or subject to confinement by defendants, nor does he explain why he is actually, as he alleges "in imminent danger of serious physical injury." (Dkt. No 16 at 2.) Plaintiff's request for relief is based upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998); B.C. v. Plumas County School Dist., 192 F. 3d 1260, 1264 (9th Cir. 1999) (finding that plaintiff had no standing to seek injunctive relief against drug searches where a former student no longer attended the school and had no plans to re-enroll). The court cannot issue a preliminary injunction unless plaintiff has demonstrated that a threat of harm presently exists, even if injury is not absolutely certain to occur. FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997). In other words, since plaintiff is not a pretrial detainee of defendants, the injury from which plaintiff seeks relief is purely speculative. The court cannot find that he faces an immediate threat of irreparable harm based on speculation. See Caribbean Marine Servs. Co.

---

[5] In cases brought by prisoners (although plaintiff does not contend that he is currently incarcerated) involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

3

v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1998).  Any threatened future injury must be real and immediate, not conjectural or hypothetical.  San Diego County Gun Rights Committee v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996).

Moreover, plaintiff does not appear likely to prevail on the merits of his claims.  The evidence and law submitted in this action to date appear to support defendants' position.  See Clayton Decl. ISO Opp'n to Request for Injunctive Relief; Bell v. Wolfish, 511 U.S. 520, 547 (1979) (recognizing that prison officials are entitled to wide-ranging deference when balancing the obligations related to inmate and staff safety against the duty to accord inmates certain rights and privileges).  Finally, the balance of the equities and public interest weigh against an injunction.  Ordering an injunction in this action will not preserve the status quo and an issuance of an injunctive relief against a governmental entity will not serve the public interest in this case.  City of Los Angeles v. Lyons, 461 U.S. 95 (1983).

Because plaintiff's motion suffers from numerous procedural defects, is not supported with sufficient evidence demonstrating a likelihood of irreparable injury, and does not meet the legal standards in support of an injunction, his motion should be denied.  See Fed. R. Civ. Proc. 65 and Local Rule 231.

Requests for Judicial Notice

Plaintiff has also filed seven separate requests for judicial notice, citing Federal Rule of Evidence 201 in support thereof.[6]  Upon a properly supported request by a party, a federal court may take judicial notice of adjudicative facts.  Fed. R. Evid. 201(a),(d).  Facts subject to judicial notice are those which are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court may not take judicial notice of a matter that is in dispute.  Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001).  The party

---

[6] These requests for judicial notice do not appear to relate to any particular motion or matter pending before the court.

4

requesting judicial notice bears the burden of persuading the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source "whose accuracy cannot reasonably be questioned." In re Tyrone F. Conner Corp., Inc., 140 B.R. 771, 781 (E.D. Cal. 1992). The court finds as follows:

1. Request for Judicial Notice filed 1/7/10. (Dkt. No. 20.) Plaintiff asks the court to take judicial notice that there exists a California state statute entitled California Penal Code section 851.5. This request is granted.

2. Request for Judicial Notice filed 1/29/10. (Dkt. No. 22.) Plaintiff filed a request that the court take judicial notice that:

> "Federal Rule of Evidence 201 does not allow defendants' challenge to the authenticity or admissibility of its findings on August 18, 2009 and the later finding on January 5, 2010. Plaintiff further requests, pursuant to Fed. R. Evid. 201, that the Court declare the rights of plaintiff with respect to defendants' premature motion to dismiss, and finally, that the Court enter an order or an instruction to the parties defining the scope of information the Court will be considering concerning future 'Motions to Dismiss.'" (Dkt. No. 22 at 3).

This matter is not properly subject to judicial notice and is therefore denied. It is furthermore moot since defendants' earlier motion to dismiss (Dkt. No. 12) was denied (Dkt. No. 17) following the filing of plaintiff's amended complaint.

3. Request for Judicial Notice filed 2/5/10. (Dkt No. 26.) Plaintiff filed a request for judicial notice regarding the propriety of *defendants'* request for judicial notice, which was allegedly brought contemporaneously with defendants' formerly pending motion to dismiss. This court has previously denied that motion to dismiss as moot, and therefore any dispute over accompanying requests for judicial notice is likewise moot.

4. Request for Judicial Notice filed 2/18/10. (Dkt. No. 28.) Plaintiff filed a request for judicial notice regarding the propriety of defendants' eighteenth affirmative defense. This matter is not properly subject to judicial notice and is therefore denied.

5. Request for Judicial Notice filed 2/19/20. (Dkt. No. 29.) Plaintiff filed a request for

5

judicial notice regarding the propriety of defendants' third affirmative defense.  This matter is not properly subject to judicial notice and is therefore denied.

      6. Request for Judicial Notice filed 3/1/10. (Dkt. No. 30.)  Plaintiff filed a second request for judicial notice regarding the propriety of defendants' third affirmative defense.  This matter is duplicative, not properly subject to judicial notice and is therefore denied.

      7. Request for Judicial Notice filed 3/4/10. (Dkt. No. 31.)  Plaintiff filed a request for judicial notice contesting the propriety of defendant's nineteenth affirmative defense.  This matter is not properly subject to judicial notice and is therefore denied.

        Plaintiff is cautioned against further filings of requests for judicial notice, particularly where such requests fail to relate to a pending motion or where they are outside the scope of judicially noticeable facts pursuant to Federal Rule of Evidence 201.  Any future requests for judicial notice suffering from the same defects may be disregarded.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

      1. Plaintiff's motion for a preliminary injunction, Dkt. No. 16, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

For the foregoing reasons, IT IS HEREBY ORDERED that:

      1. Plaintiff's request for judicial notice, Dkt. No 20, is granted and the remainder, Dkt. Nos. 22, 26, 28, 29, 30 and 31, are denied; and

      **2. The Clerk of Court is directed to reissue the Order Setting Status Conference**

1 **(Dkt. No. 5) to set a date and time for the Status (Pretrial Scheduling) Conference in this**
2 **action.** The parties are reminded that they must comply with the additional provisions of that
3 order, which require the submission of status reports to this court.
4     **IT IS SO ORDERED**
5 DATED: March 9, 2010

                                                  _____
                                                  KENDALL J. NEWMAN
                                                  UNITED STATES MAGISTRATE JUDGE