IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIGUEZ,

    Plaintiff,

vs.

UNKNOWN-NAMED DISCIPLINARY HEARINGS AGENT A.K.A. "SERGEANT SIMMONS," et al.,

    Defendants.

No. 2:09-cv-02195 FCD KJN PS

ORDER

_____/

Presently before this court are a variety of motions and documents filed by plaintiff.[1] A hearing was held before the undersigned on August 5, 2010. Plaintiff Jose DeJesus Rodriguez, proceeding without counsel, appeared on his own behalf, and attorney Jason R. Morrish appeared on behalf of defendants Steve Moore, Sheriff of San Joaquin County, and Jeffrey Simmons. After careful consideration of the documents filed in this action, any argument presented at the hearing on August 5, 2010 and for the reasons discussed, plaintiff's filings and requests for relief will be denied as set forth below.

////

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

BACKGROUND

Plaintiff Jose DeJesus Rodriguez, a pro se litigant, is generally complaining in this lawsuit of his treatment by the San Joaquin County Sheriff's office while incarcerated at the San Joaquin County Jail. Plaintiff filed a motion for preliminary injunction in this action on December 29, 2009. (Dkt. No. 16.) The undersigned recommended denial of the motion for preliminary injunction in an order dated March 9, 2010. (Dkt. No. 36.) Those findings were adopted by District Judge Frank C. Damrell, Jr. on April 6, 2010. (Dkt. No. 43.)

Plaintiff filed nine documents with the clerk's office since the issuance of the findings and recommendations, all containing statements in the caption that they are to be heard on August 5, 2010, the date of the court-ordered status (pretrial scheduling) conference in this action.[2] On July 22, 2010, defendants Steve Moore, Sheriff of San Joaquin County, and Jeffery Simmons (collectively "defendants") filed a consolidated opposition to the plaintiff's filings. (Dkt. No. 55.) The court will, in this instance, address each of plaintiff's filings in turn.

DISCUSSION

Docket Nos. 38, 41: Motions for Reconsideration

Plaintiff filed a Motion for Reconsideration on March 16, 2010.[3] (Dkt. No. 38.) Plaintiff appears to be seeking reconsideration of the court's order "only" denying defendants' motion to dismiss "without prejudice."[4]

In the usual case, a party seeking reconsideration of an order has the burden of

---

[2] The court will issue the Status (Pretrial Scheduling) Order by separate ruling.

[3] Plaintiff also filed a document on March 25, 2010, entitled in part "Motion for Reconsideration," although that filing, as discussed below, focused on seeking summary adjudication. (Dkt. No. 41.)

[4] The undersigned offers the following information regarding a dismissal without prejudice. Plaintiff is referred to the Office of Clerk of Court for the Eastern District of California, which can provide a document entitled "Pro Se Package, A Simple Guide to Filing Civil Action" and can direct plaintiff to copy of the Local Rules. Plaintiff may also consider visiting the Sacramento County Public Law Library, which might be able to provide useful information and access to the Federal Rules of Civil Procedure.

setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j)(3), (4).

Plaintiff's motion for reconsideration, however, seeks relief from an order that was favorable to him. Plaintiff's complaint about this court's order *denying* defendant's motion to dismiss without prejudice is moot and will be denied. Defendants have now answered the complaint, and no further motions to dismiss are pending. Nor has plaintiff presented any basis for reconsideration of the court's order denying dismissal, and therefore plaintiff's request for reconsideration is denied.

<u>Docket Nos. 39, 41: Memorandum of Law re Motion for Reconsideration and Motion for Summary Adjudication re Affirmative Defenses</u>

On March 19, 2010, plaintiff filed a document entitled "Memorandum of Law in Support of Plaintiff's Motion for Reconsideration of Ruling on Defendants' Motion to Dismiss and For Summary Adjudication re Defendants' Defective 'Eighteenth Affirmative Defense.'" (Dkt. No. 39.) Plaintiff complains of defendants' 18th affirmative defense in their answer which generally asserts governmental immunity from the allegations of the complaint. (Dkt. No. 39 at 2.) Plaintiff seeks summary adjudication "to completely dispose of this affirmative defense," contending, among other things, that this eighteenth affirmative defense is overly broad, legally frivolous and meritless. (Dkt. No. 39 at 4.)

On March 25, 2010, plaintiff filed a document nearly identical to Docket No. 39, except that plaintiff is challenging defendants' nineteenth affirmative defense instead of their eighteenth affirmative defense. (Dkt. No. 41. ) In this filing, plaintiff claims that defendants' invocation of the qualified immunity afforded public officials under the Eleventh Amendment to the United States Constitution is unwarranted. Plaintiff contends without evidentiary support

1    that because defendants are a local government entity rather than an arm of the state that they are
2    not entitled to Eleventh Amendment immunity. (Dkt. No. 41 at 3.)

3    Plaintiff's requests for summary adjudication are premature and procedurally
4    defective. Plaintiff has not noticed these motions for hearing pursuant to Local Rule 230(b).
5    Moreover, plaintiff has not filed Statements of Undisputed Facts as required by Local Rule
6    260(a). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally
7    construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Further, defendants
8    point out that the parties have not yet conducted discovery, and the court questions without
9    herein deciding whether plaintiff would be able to support a procedurally proper motion for
10   summary adjudication at this early stage of the action. (Dkt. No. 55 at 4.) For the foregoing
11   reasons, plaintiff's motions for summary adjudication are denied without prejudice. Plaintiff
12   may, at the appropriate time, with the proper procedures and with the necessary evidence and/or
13   legal support, seek further summary adjudication from this court.

14   Docket Nos. 40, 42:  Requests for Judicial Notice

15   Plaintiff filed a request for judicial notice on March 22, 2010, which he states was
16   filed concurrently with his motion for reconsideration of the ruling on defendants' motion to
17   dismiss and summary adjudication regarding defendants' allegedly defective eighteenth
18   affirmative defense. Plaintiff seeks an order taking judicial notice that California Government
19   Code section 820.4 "exists." (Dkt. No. 40 at 1.) On March 26, 2010, plaintiff filed a request for
20   judicial notice for an order recognizing "that the 11th Amendment exists." (Dkt. No. 42.)

21   It is not necessary for plaintiff to file a separate request for judicial notice
22   regarding a particular statute in support of his position. Reference to any statutes, law or other
23   authority should be included in the motion and/or memorandum of points and authorities that
24   seek affirmative relief. In fact, plaintiff cites to these laws within his memorandum of authorities
25   in support of his requests for relief. See Dkt. Nos. 39, 41. Hence, these requests for judicial
26   notice are unnecessary and are denied as moot.

1  <u>Docket No. 44:  Motion for Summary Judgment</u>

2   On April 13, 2010, plaintiff filed a document entitled "plaintiff's memorandum of
3  law in support of motion for summary judgment re defendant Steve Moore's defective theory of
4  'respondeat superior.'"  Plaintiff claims that he is entitled to summary judgment because there is
5  "no affirmative defense to plaintiff's cause of action for respondeat superior against defendant
6  Steve Moore, the Sheriff of San Joaquin County . . . as a matter of law."  (Dkt. No. 44 at 1.)
7  Plaintiff also states that there is "no merit to Defendant Steve Moore's defective 'respondeat
8  superior' theory of liability (or non-liability)."  (Dkt. No. 44 at 6.)

9   Plaintiff's motion is procedurally defective and fails to comply with the specific
10  rules applicable to motions for summary judgment.  <u>See</u> Local Rule 260 (providing, inter alia,
11  that a motion for summary judgment be accompanied by a statement of undisputed facts); Local
12  Rule 230(b) (requiring notice of a specific motion to the opposing party).  Plaintiff's
13  memorandum of law in support of a motion for summary judgment is an insufficient vehicle by
14  which to seek summary judgment.  Moreover, plaintiff needs to address the merits of his case
15  specifically in conjunction with the applicable law.  Therefore, plaintiff's request for summary
16  judgment will be denied without prejudice.  Plaintiff may, at the appropriate time, with the
17  proper procedures and with the necessary evidence and/or legal support, seek further summary
18  judgment or adjudication from this court.

19  <u>Docket Nos. 50, 51, 53:  Motion for Relief From Order</u>

20   On June 8, 2010, plaintiff filed a document entitled "notice of motion for relief
21  from order, default judgment, or entry of default: and; plaintiff's opposition or belated rebuttal to
22  magistrate judge's recommendations re plaintiff's preliminary injunction."  (Dkt. No. 50.)
23  Plaintiff again stated that the hearing date and time for this motion would be August 5, 2010, the
24  date of the status conference in this action.  Plaintiff sought a variety of relief that appears to
25  some degree misplaced, such as an order to "vacate the default of plaintiff and set aside the
26  judgment."  More precisely, plaintiff seeks permission to file late "objections" to the magistrate

1  judge's findings and recommendations entered on March 9, 2010.  (Dkt. No. 50 at 1.)  Plaintiff
2  moves for an extended filing deadline based on the grounds of "mistake, inadvertence, surprise,
3  and excusable neglect," and on the substantive ground that the findings and recommendations are
4  clearly erroneous and contrary to law.  (Dkt. No. 50 at 1-2.)

5  First, plaintiff's request for relief from default is unnecessary because this event
6  has not occurred.  Second, it appears plaintiff is seeking belated relief from the court's order
7  denying his request for a preliminary injunction.  However, the deadline for objecting to the
8  undersigned's findings and recommendations expired on March 29, 2010.  (Dkt. No. 36.)

9  Federal Rule of Civil Procedure 6(b)(1)(B) authorizes extension of an expired
10 deadline under the following circumstances: "When an act may or must be done within a
11 specified time, the court may, for good cause, extend the time . . . on motion made after the time
12 has expired if the party failed to act because of excusable neglect."

13 Plaintiff fails to explain how he is entitled to relief for excusable neglect or the
14 other referenced grounds.  Although plaintiff may believe he has a meritorious claim or defense
15 to the order denying his motion for a preliminary injunction, there is no explanation whatsoever
16 as to why plaintiff's objections were filed nearly two months later, rather than within the twenty
17 days required by the court's order.  See also Local Rule 303(b); Fed. R. Civ. Proc. 72.  The
18 findings and recommendations regarding plaintiff's request for a preliminary injunction issued on
19 March 9, 2010.  (Dkt. No. 36.)  These findings and recommendations clearly set forth plaintiff's
20 objection obligations and the accompanying timeframe for filing of objections.  Plaintiff provides
21 no explanation for his self-styled "belated rebuttal" filed in June.  "A litigant may not sleep on
22 his rights and decide, well after the deadline to challenge the order in any way, to raise a belated
23 challenge to a court order."  Florence v. Stanback, 607 F. Supp. 2d 1119, 1121 (C.D. Cal. 2009).
24 Particularly where a plaintiff was, as here, specifically advised of the objection deadline, relief
25 based upon mistake or inadvertence is inappropriate.  THK America, Inc. v. NSK Ltd., 157
26 F.R.D. 651, 654 (N.D. Ill. 1994) ("NSK's failure to comply with the relevant rules cannot be

deemed inadvertent or an oversight. [The] Magistrate Judge [] has routinely included a caveat in his orders that objections to his orders must be filed within ten days . . . .").

<u>Plaintiff's Non-Compliance with Local and Procedural Rules</u>

The court is concerned by plaintiff's repeated filings, which are frequently filed without reference to or affiliation with a substantively supported motion. The court has already admonished plaintiff not to file unnecessary requests for judicial notice. (Dkt. No. 36.) In light of plaintiff's latest round of filings, the court reminds plaintiff that Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." <u>See</u> also <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff is again cautioned that future and continued noncompliance with the Local Rules and Federal Rules of Civil Procedure may result in adverse consequences.

<u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

  1. Plaintiff's motions for reconsideration are denied (Dkt. Nos. 38, 41);

  2. Plaintiff's requests for judicial notice are denied as moot (Dkt. Nos. 40, 42);

  3. Plaintiff's requests for summary adjudication are denied without prejudice (Dkt. Nos. 39, 41);

  4. Plaintiff's request for summary judgment is denied without prejudice (Dkt. No. 44);

  5. Plaintiff's motion for relief from order, default judgment or entry of default is

denied (Dkt. No. 50); and

      6. Plaintiff's future filings shall comply with the Local Rules and Federal Rules of Civil Procedure. Failure to comply with these rules may subject plaintiff to sanctions, including but not limited to monetary sanctions and/or dismissal of this action.

**IT IS SO ORDERED**

DATED: August 5, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE