IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIGUEZ,

    Plaintiff,                              No. 2:09-cv-02195 KJN PS

    vs.

UNKNOWN-NAMED DISCIPLINARY
HEARINGS AGENT A.K.A. "SERGEANT
SIMMONS," et al.,

    Defendants.                            <u>ORDER</u>

_____/

        Presently before this court is plaintiff's most recent motion for preliminary injunction and/or protective order.[1]  For the reasons set forth below, this court will deny plaintiff's motion and vacate the hearing date.

        Plaintiff Jose DeJesus Rodriguez, a pro se litigant proceeding without counsel, previously filed a motion for preliminary injunction in this action on December 29, 2009. (Dkt. No. 16.)  The undersigned recommended denial of the plaintiff's motion for a preliminary

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010.  (Dkt. No. 27.)  The parties have stipulated to have this action proceed before a United States Magistrate Judge for all further proceedings. (Dkt. No 61.)

1

injunction. (Dkt. No. 36.) On April 7, 2010, that recommendation became final by order of the Honorable Frank C. Damrell, Jr. (Dkt. No. 43.) In his first motion for a preliminary injunction, plaintiff, in sum, sought the following relief:

> "That . . . this Court order defendants, their successors, agents, employees and all persons acting in concert with them to provide plaintiff and other pretrial detainees in administrative segregation who have been subjected to a punishment known as 'full restriction,' which among other things denies them a phone call for up to twenty five (25) days. And that they cooperate when this Court orders an authorization to the FBI to conduct an investigation of plain tiff's [sic] claims." (Dkt. No. 16 at 3.)

Plaintiff now seeks a preliminary injunction on virtually the same grounds. (Dkt. No. 71.) In fact, plaintiff states that the support for his current preliminary injunction motion is the points and authorities and exhibits filed in support of his *first* motion for a preliminary injunction. (Dkt. No. 71 at 2:3-5). And, similar to plaintiff's first motion for a preliminary injunction, he does not allege that he is under threat of irreparable harm by the defendants in this action.[2]

Plaintiff's request for relief is again based upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998); B.C. v. Plumas County School Dist., 192 F. 3d 1260, 1264 (9th Cir. 1999) (finding that plaintiff had no standing to seek injunctive relief against drug searches where a former student no longer attended the school and had no plans to re-enroll).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a preliminary injunction and/or protective order, Dkt. No. 71, is hereby DENIED; and

2. The Clerk of Court is directed to VACATE the December 30, 2010 hearing date on this motion; and

3. Plaintiff is cautioned against further filings of requests for injunctive relief

---

[2] Although plaintiff again alleges that there is a warrant out for his arrest, there is no evidence to support a claim that such warrant is likely to be enforced.

1  based on the same factual and/or legal arguments absent substantially changed circumstances.
2  Any future requests for injunctive relief suffering from the same defects may be summarily
3  disregarded.
4      **IT IS SO ORDERED**
5  DATED:  November 30, 2010

                                _____
                                KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE