IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIGUEZ

    Plaintiff,                  No. 2:09-cv-02195 KJN PS

    vs.

JEFFERY SIMMONS, et al.,

    Defendants.           <u>ORDER</u>

_____/

        Plaintiff, who is proceeding without counsel, filed a document entitled "Certificate And Notice of Service Of Plaintiff's First Request For Production And Initial Disclosures Re Documents And Other Recorded Tangible Evidence: And, Plaintiff's Second Admonishment Re Defendants' Refusal To Deal In Good Faith." (Dkt. No. 77.) Plaintiff has also filed a document entitled "Report Of Parties' Discovery Conference: Plaintiff's Good Faith Meet And Confer Certification Re Defendants' Bad Faith Refusal To Participate In Discovery." (Dkt. No. 79.)

        The court has already informed plaintiff that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response

and seeks relief from the court in accordance with the Federal Rules of Civil Procedure and the Eastern District of California's Local Rules. (Order, Dkt. No. 66.) Discovery requests between the parties – and/or "reports" on the progress of discovery – shall not be filed with the court unless, and until, they are at issue.[1]

In addition to the above-described discovery documents, plaintiff filed two additional documents: (1) the "Declaration of Jose DeJesus Rodriguez In Support Of Objections To Magistrate Judge's Order, Ruling, Or Recommendations Re Appointment of Counsel" (the "Declaration"), and (2) plaintiff's letter to the court filed on December 9, 2010 (the "Letter"). (Dkt. Nos. 74-75.) Neither the Declaration nor the Letter purport to be moving papers seeking the court's relief, and neither moves the court in accordance with Eastern District Local Rule 230. The undersigned has considered plaintiff's Declaration and Letter (Dkt. Nos. 74-75) and will not take action upon either document.

As to the Declaration, it is possible that plaintiff intended that document to serve as a motion for reconsideration of the court's order denying plaintiff's motion to appoint counsel (Dkt. No. 70) pursuant to Eastern District Local Rule 230(j). (Declaration at 1 ("this Declaration is made in opposition to the Magistrate Judge's ORDER . . . dated November 15, 2010.").) If so, the undersigned denies such motion for reconsideration.

The Declaration posits the same arguments made in plaintiff's motion seeking the appointment of counsel. (<u>Compare</u> Dkt. No. 67 <u>with</u> No. 74.) For instance, the Declaration

---

[1] The undersigned notes that on February 4, 2011, plaintiff filed a document entitled "Motion For Extension And For Enlargement Of Time To Complete Discovery And To Prepare For Trial" (Dkt. No. 80), and a document entitled "Notice Of Motion And Motion To Compel Answers To Interrogatories, Production Of Documents And Other Tangible Things: And; For Extension to Complete Discovery" (Dkt. No. 81). On February 8, 2011, plaintiff filed a Statement relating to his motion to compel. (Dkt. No. 82.) On February 9, 2011, plaintiff filed a document entitled "Motion to Compel Discovery." (Dkt. No. 83.) These motions are all set to be heard on March 31, 2011. Within this order, the undersigned does not address either the propriety or merits of these filings appearing to raise discovery issues. Nevertheless, with respect to plaintiff's most recent filings, the undersigned takes this opportunity to direct the parties to comply with Eastern District Local Rule 251, "Motions Dealing With Discovery Matters."

asserts that as a pro se litigant, plaintiff must have counsel appointed to represent him lest he lose meaningful access to the courts.  (Declaration, 3-4.)  But plaintiff made a substantially similar argument in his former motion, when he argued that "without counsel, Plaintiff fears that this case will be disposed of on a one-sided basis. . . But with the aid of counsel not only will all the 'rules' be followed, but plaintiff will also be given the chance of prevailing."  (Dkt. No. 67 at 3.)  Plaintiff cannot use his Declaration to repackage legal arguments that the undersigned has already rejected.  Indeed, reconsideration can only be based upon "new or different facts or circumstances," along with reasons "why the facts or circumstances were not shown at the time of the prior motion."  E.D. Local Rule 230(j)(3)-(4).

As to the Letter, plaintiff apparently intended it as a request for legal advice from the undersigned about how to proceed with his case.  Indeed, the Letter states: "Please instruct me.  Do I attach a writ of habeas corpus . . . do I move to quash the warrant, do I amend the complaint or do I file a separate complaint against the county prosecutor . . . ."  (Letter at 1.)  However, the undersigned cannot give legal advice or counsel to pro se litigants, save for recommending that the litigant seek the advice of an attorney.

Further, the undersigned already cautioned plaintiff against filing repetitive requests for relief without new factual or legal bases, and the court's broad warning was intended to encompass filings styled as declarations and letters.[2]  Therefore, the court will not revisit its order denying plaintiff's motion to appoint counsel (Dkt. No. 70) if that is the intended purpose of the Declaration or the Letter.[3]

For all the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's

---

[2] "Plaintiff is cautioned against further filings of requests for injunctive relief based on the same factual and/or legal arguments absent substantially changed circumstances.  Any future requests for injunctive relief suffering from the same defects may be summarily disregarded."  (Order, Dkt. No. 73 at 2-3.)

[3] Moreover, neither the Declaration nor the Letter comports with Eastern District Local Rule 303(c), which requires that requests for reconsideration have a caption reading 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'"

1  "Certificate And Notice of Service Of Plaintiff's First Request For Production And Initial
2  Disclosures Re Documents And Other Recorded Tangible Evidence: And, Plaintiff's Second
3  Admonishment Re Defendants' Refusal To Deal In Good Faith" (Dkt. No. 77) and plaintiff's
4  "Report Of Parties' Discovery Conference: Plaintiff's Good Faith Meet And Confer Certification
5  Re Defendants' Bad Faith Refusal To Participate In Discovery" (Dkt. No. 79) will be placed in
6  the court file and disregarded.
7      It is ALSO HEREBY ORDERED that the undersigned will take no action with
8  respect to plaintiff's "Declaration of Jose DeJesus Rodriguez In Support Of Objections To
9  Magistrate Judge's Order, Ruling, Or Recommendations Re Appointment of Counsel" (Dkt. No.
10 74), and will take no action with respect to plaintiff's letter to the court filed December 9, 2010.
11 (Dkt. No. 75.)  Further, to the extent the Declaration could be construed as a motion for
12 reconsideration pursuant to Local Rule 230(j), such motion is denied.
13 **IT IS SO ORDERED.**
14 DATED: February 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4