IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIGUEZ

    Plaintiff,                    No. 2:09-cv-02195 KJN

    vs.

JEFFERY SIMMONS, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Currently pending before the court are: (1) plaintiff's motion to compel discovery responses (Dkt. Nos. 81, 83, 86); and (2) plaintiff's motion for a 90-day extension of the discovery deadline (Dkt. No. 80).[1]

        Plaintiff's motions arise from discovery requests he propounded upon Defendant Steve Moore, Sheriff of San Joaquin County ("Sheriff Moore") (erroneously sued as the Sheriff of San Joaquin County) and defendant Jeffery Simmons ("Sgt. Simmons") (collectively, the "defendants"). Defendants filed a response (the "Response") in opposition to plaintiff's motions, and oppose the motions on primarily procedural grounds. (Response, Dkt. No. 87.) Specifically, defendants argue that plaintiff's motions do not comply with Eastern District Local Rule 251 and should therefore be denied outright. (Response, at 2, 6-7.) Defendants argue that they cannot

---

[1] Plaintiff has expressly stated that he does not request sanctions in connection with any of these motions. (Dkt. No. 80 at 2.)

substantively respond to plaintiff's motions because they cannot glean the nature of plaintiff's discovery dispute from the "rambling" papers he filed. (Response at 6-7.)

A review of the court's docket indicates that plaintiff did not file the required *joint* statement in accordance with Eastern District Local Rule 251(c). While plaintiff filed a document styled as a "Joint Statement," it is apparent that defendants neither signed that document nor contributed to the contents thereof. (Dkt. No. 82.) Defendants confirm that they had no role in preparing that document. (Response at 6.) Defendants also state that plaintiff did not fulfill his obligation to meet and confer with them prior to filing his motions. (Id.) Defendants request denial of plaintiff's motions—and dismissal of the action—as sanctions for plaintiff's repeated failures to abide by the court's rules. (Id.)

Defendants are correct that a failure to follow the specific procedural requirements of participating in a discovery conference, meeting and conferring, and filing a *joint* statement "shall be grounds, in the discretion of the Court, for entry of an order adverse" to the party refusing to do so. E.D. Local Rule 251(d). The parties to this action—including plaintiff—have been previously cautioned that, despite the pro se nature of this case, the court still requires the parties to timely and productively meet and confer. (E.g., Order, Nov. 4, 2010, Dkt. No. 69.) The court expects and encourages the parties to work together so as to avoid any unnecessary discovery disputes. (Id.) As mandated by Local Rule 251, the parties must meet and confer, preferably in person or via telephone, prior to the filing of any motion to compel. (Id.) If that meet and confer is unsuccessful, the moving party shall draft and file a document entitled Joint Statement re Discovery Disagreement, and *all parties* shall assist in the preparation of that joint statement. Local Rule 251(c). (Id. (emphasis added).) Further, the undersigned has cautioned plaintiff of his need to follow the court's rules on at least six separate occasions. (E.g., Dkt. Nos. 36 (cautioning plaintiff that defective requests will be disregarded in the future); 57 (cautioning plaintiff about multiple procedurally-improper filings, warning him that pro se parties must abide by procedural rules, and informing him that failure to do so may be grounds for sanctions

including dismissal); 66 (disregarding plaintiff's filed discovery); 69 (rejecting plaintiff's filing for failure to comply with the court's rules and again reminding him that pro se parties must follow procedural rules); 73 (cautioning plaintiff against repeatedly filing the same motion and informing him that future filings with this defect may be summarily disregarded); 85 (disregarding plaintiff's filed discovery and informing plaintiff that the undersigned's prior admonition against filing repetitive motions without new grounds was meant to include filings styled as letters and declarations).) Several of those warnings included specific reference to the possibility that improperly-filed documents would be disregarded and that sanctions—including dismissal of plaintiff's case—may result. (E.g., Dkt. Nos. 36, 57, 73.)

While plaintiff has previously been warned about failing to comply with this court's rules, he continues to violate those rules, intentionally or not. During the hearing, the undersigned warned plaintiff that his most recent failure to abide by the court's rules is alone grounds for denying his motion pursuant to Local Rule 251. The undersigned also reminded plaintiff that he has been reminded at least six times of his obligation to follow the court's rules, even as a pro se party, and that his continued failure to do so will result in the denials of improperly-filed motions and the potential dismissal of his case. This is the *final* warning plaintiff will receive on this issue. *If, in the future, plaintiff's filings do not comply with the requirements of the Eastern District Local Rules, those filings will be rejected and may result in "entry of an order adverse" to plaintiff, up to and including dismissal of his action with prejudice.*[2]

---

[2] Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be

1         Nevertheless, as to the pending motion, in an abundance of caution the court will
2  construe plaintiff's filings with leniency one last time and will proceed to analyze the substance
3  of those filings.  While plaintiff's filings are indeed meandering, plaintiff has attached two
4  discovery requests (and defendants' responses thereto) to his filings.  (Dkt. Nos. 83.)  Plaintiff's
5  motion to compel can be read to pertain solely to these two requests and defendants' objections
6  thereto.  (Dkt. No. 86 at 1-2 (framing the issue as pertaining to the validity of defendants'
7  discovery responses on issues pertaining to "whether in fact Plaintiff really assaulted former
8  Defendant Deputy Anthony Knapp or whether the charges are false . . . .").)
9         Plaintiff's motions came on for hearing on March 31, 2011.  Plaintiff attended on
10 his own behalf, and attorney Jason Morrish attended on behalf of the defendants.
11        The undersigned has considered the briefs, oral arguments, and the record in this
12 case and, for the reasons that follow, orders that: (1) plaintiff's motion to compel discovery
13 responses is granted in part and denied in part, and (2) plaintiff's request for a 90-day extension
14 of time to complete discovery is denied.   No sanctions will be awarded.
15 ////

---

ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

4

I.     BACKGROUND

Plaintiff's amended complaint, filed December 21, 2009, seeks money damages and declaratory and injunctive relief. (FAC, Dkt. No. 15.) Plaintiff, proceeding without counsel and in forma pauperis, alleges generally that defendants violated his constitutional rights during the course of his incarceration at the San Joaquin County Jail in August 2008. More specifically, plaintiff alleges that he was battered by correctional officers at the jail without provocation and was subsequently denied the right to make a telephone call. Defendants contend that plaintiff's claims are frivolous, that he was uncooperative and attempted to assault the correctional officers on duty, and that any disciplinary restrictions placed upon plaintiff during his incarceration were lawful and appropriate. (Dkt. No. 54 at 2.) Anthony Knapp, the officer who allegedly battered plaintiff (FAC at 1), was voluntarily dismissed from this action on June 10, 2010 (Dkt. No. 52), but his employer, San Joaquin County, remains a defendant.

As part of a second round of written discovery, on December 28, 2010, plaintiff served two "Requests for Production of Documents" upon defendants. (Dkt. No. 82 at 9-10.) Plaintiff's pending motion to compel can be read to seek to compel responses to both of those Requests. (Dkt. Nos. 81-83, 86.) Defendants appear to have timely served plaintiff with responses to the two requests. (Dkt. No. 83 at 8 (defendants' counsel signed discovery responses and dated them January 27, 2011).)[3] Shortly after receiving those responses, plaintiff filed the pending motions on January 4, 2011. (Dkt. Nos. 80-81.)

While not entirely clear from plaintiff's moving papers, it appears plaintiff is seeking to compel defendants' further responses to two Requests for Production of Documents. Those two Requests, and defendants' responses and objections thereto, are analyzed separately below.

////

---

[3] In any event, plaintiff contests the contents of defendants' responses, not their timeliness.

II.     LEGAL STANDARDS

        1.     Compelling Responses to Discovery Requests

A motion to compel is appropriate when a party fails to produce relevant, non-privileged documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv), (a)(4). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (holding that a relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." )[4] Pursuant to Federal Rule of Civil Procedure 26(b)(1), the scope of federal discovery is broad. The broad scope of permissible discovery encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery is not limited to the merits of a case, "for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Id. A district court has wide latitude in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion." Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416-17 (9th Cir. 1987).

After the moving party makes the requisite showing of relevance, the party opposing the discovery has the burden of showing that it should be prohibited, as well as the burden of clarifying, explaining, and supporting its objections. DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th

---

[4] "Relevant to the subject matter" is interpreted broadly, and includes information that might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement. Hickman v. Taylor, 329 U.S. 495, 506-07 (1947). Even if it would not be admissible at trial, relevant information may be discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(b)(1); Hickman, 329 U.S. at 507. Hearsay or nonhearsay information relating to the credibility of witnesses or other evidence in the case may be relevant to the subject matter of the action. Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998); Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 603-04 (C.D. Cal. 1995).

Cir. 1975)). As to requests for production of documents, Federal Rule of Civil Procedure 34(b)(2)(c) provides that "[a]n objection to part of a request must specify the part and permit inspection of the rest." Each party generally has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Rule 34 governs requests for production of documents. Fed. R. Civ. P. 34. There is no "hard and fast rule" regarding the degree of particularity with which documents must be described. Jensen v. Boston Ins. Co., 20 F.R.D. 619, 622 (N.D. Cal. 1957). When a party responds to a document request with objections, any "objection to part of a request must specify the part *and permit inspection of the rest*." Fed. R. Civ. P. 34(b)(2)(c) (emphasis added). Therefore, where an objection applies to only a portion of the documents requested, the responding party must produce the remainder of the documents. Id. Further, "[f]or *each item or category*, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).

Rule 34 only requires a party to produce documents that are already in existence, and a party is not required to "prepare" new documents solely for their production. Alexander v. F.B.I., 194 F.R.D. 305, 310 (D. D.C. 2000). Accordingly, a party cannot be compelled to create, or cause to be created, new documents solely for their production. Columbia Pictures Indus. v. Bunnell, No. CV 06-1093FMCJCX, 2007 WL 2080419, at *6 (C.D. Cal. May 29, 2007) (not reported) (citing Alexander, 194 F.R.D. at 310). The party seeking production of the documents bears the burden of proving that the opposing party has control over those documents. E.g., U.S. v. Int'l Union of Petroleum and Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989); Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009) (not reported) (same).

If a motion to compel is granted, unless certain exceptions are present, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct

necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court "must not order this payment if . . . (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.  If the motion to compel is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion.  Fed. R. Civ. P. 37(a)(5)(C).

        2.       Request for Extension of Time to Complete Discovery

Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'") (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). A district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609 (citations and quotation marks omitted). If the party seeking the modification "was not diligent, the inquiry should end." Id. In summarizing this good cause standard, a district court recently held that: "Generally, in determining whether there is good cause to permit an extension the court will primarily look to the (1) diligence of the party seeking the extension, but may also consider (2) the explanation for the failure to complete discovery in a timely fashion; and (3) potential prejudice in allowing the extension." Missing Link, Inc. v. eBay, Inc., No. C-07-04487 RMW, 2010 WL 34268, at *2 (N.D. Cal. Jan. 6, 2010) (not reported).

////
////
////
////

III. <u>DISCUSSION</u>

    1.    <u>Compelling Responses to Plaintiff's Discovery Requests</u>

        i)    <u>Request No. 1</u>

Plaintiff's first request for production of documents, set two, reads:

> Please provide a chronological list of those pre-trial/post-bookee arrestees dating back going back as far as you can trace, from the beginning of the laying of the foundation including the first brick on the ancient Stockton and San Joaquin County Jail Site(s) who have been put on "full restriction," inclusive, those who have been denied a telephone call on the basis that they have been deemed to be "assaultive, combative, or a danger to themselves and others. Please provide a photograph of them, their fingerprints, their last known address, whether they were in the in a isolation/Ad Seg Unit, which cell they were in. Wether they alleged that they sustained injuries, the nature and extent of their injuries, copies of their formal complaints logged with Internal Affairs/Special Investigators. If he, she, or they filed a civil lawsuit please provide date filed, the case name, case number, and Court in which it was instituted either by them their relatives or their estate if they are deceased.

(Dkt. No. 82 at 8-9 (spelling as in original).)

Defendants' response thereto reads:

> Defendants object to this request on the grounds that it is vague, ambiguous, overly broad, compound, unduly burdensome, oppressive, harassing and seeks information and/or documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that it requests information protected by the right to privacy and/or confidentiality under state and federal law, including, but not limited to, California Penal Code § 832.5 *et seq.*, California Evidence Code § 1040 *et seq.*, and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. § 160 *et seq.* Defendants further object to this request on the grounds that it does not seek existing documents or things within the meaning of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. Without waiving these objections or those stated above, Defendants cannot respond to this request and no documents or tangible things will be produced.

(Dkt. No. 83 at 7.)

As to Request No. 1, many of defendants' objections are well-taken. Plaintiff's request requires defendants to craft a "chronological list" of arrestees "from the beginning of the laying of the foundation including the first brick" of the jail who have been put on "full restriction," (an undefined term), as well as all those who have been "denied a phone call," along with their photographs, fingerprints, addresses, injuries, any formal complaints logged by them, and records of their potential civil lawsuits. Taken as a whole, it is a vague, overbroad, and unduly burdensome request. Further, the request requires defendants to create a "list"— according to defendants' objection, a document that is not currently in existence—and therefore the request asks defendants to *create* a document for discovery. See e.g., Columbia Pictures Industries, 2007 WL 2080419, at *6; Alexander, 194 F.R.D. at 310. Defendants need not create such a document.

While meeting and conferring may have pared down the request, it is apparent from the timing of plaintiff's moving papers that plaintiff did not attempt further significant meet and confer efforts after receiving defendants' responses.[5] Accordingly, plaintiff's motion to compel further responses to Request No. 1 is denied.

        ii)        Request No. 2

A clause in plaintiff's Request for Production No. 2 seeks employees' "workers' compensation" and "medical" documents arising from the alleged "incident" on August 10, 2010, and this narrow portion of the request targets documents that may be relevant to plaintiff's claims, sufficiently specific, and not unduly burdensome. As described below, with respect to that narrow portion of the request, defendants' response is deficient.

---

[5] As described above, defendants' responses were signed on January 27, 2011, and plaintiff filed the pending motions on February 4, 2011. These dates alone suggest a failure to engage in a meaningful meet-and-confer process regarding Requests Nos. 1 and 2. Defendants confirmed that plaintiff failed to meet and confer regarding these requests and regarding the pending motions, and did not involve defendants' counsel in the preparation of the document he entitled a "Joint Statement." (Response at 6.)

Plaintiff's second request[6] for production of documents, set two, reads:

> If one of your Deputies has claimed to have been injured as a result of the "incident" of August 10, 2008, and giving rise to this complaint, please provide medical records, including information regarding any application for Workmens' Compensation benefits. With respect thereto, how severe is the bodily or psychological injury claimed to be. But if No records exist state it so.

(Dkt. No. 82 at 8-9 (spelling as in original).)

Defendants' response thereto reads:

> Defendants object to this request on the grounds that it is vague, ambiguous, overly broad, compound, unduly burdensome, oppressive, harassing and seeks information and/or documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that it requests information protected by the right to privacy and/or confidentiality under state and federal law, including, but not limited to, California Penal Code § 832.5 *et seq.*, California Evidence Code § 1040 *et seq.*, and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. § 160 *et seq.* Defendants further object to this request on the grounds that it does not seek existing documents or things within the meaning of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. Without waiving these objections or those stated above, Defendants respond as follows:
>
> Defendants have previously produced San Joaquin County Sheriff Documented Report 08-21809 and supporting materials. See, e.g., documents stamped 000027-000033 and produced pursuant to Defendants' Response to Plaintiff's First Request for Production of Documents, Set No. One. No further production is necessary or appropriate.

(Dkt. No. 83 at 8.)

Defendants' objections are well-taken as to the some of plaintiff's second request. For instance, the request seeks "medical records" evidencing any injuries to defendants'

---

[6] In the "definitions" preceding his requests, plaintiff defined "incident" as "the entire series of interactions between plaintiff Jose DeJesus Rodriguez and the Members of the San Joaquin County Sheriff's Department, or any other employees of The Sheriff's Department in question, as described in the complaint." (Dkt. No. 82 at 8.) While this definition is vague as to time, plaintiff significantly narrowed the definition in Request No. 2, as he requested documents relating to the "'incident' *of August 10, 2008*" specifically. (Id. at 9 (emphasis added).)

employees that allegedly arose from the "incident."[7]  As used in this particular context, the term "medical records" is indeed vague and ambiguous—a term that likely could have been clarified had plaintiff properly engaged in a meet and confer effort, something he did not do.  As described above, plaintiff's filings and statements during the hearing confirmed this failure.  However, in Request No. 2 itself, it appears plaintiff somewhat attempted to clarify the broad term "medical records" by specifically referencing "any application[s] for Workmens' Compensation benefits" arising from injuries sustained "as a result of the 'incident' of August 10, 2008."  Notwithstanding defendants' objections, Request No. 2's demand for "workers' compensation" documents and "medical" documents arising from the alleged "incident" on August 10, 2010, may be relevant to plaintiff's claims, sufficiently specific, and not unduly burdensome.

Defendants' main objections to Request No. 2 appear to be that the request "seeks information and/or documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence."  (Dkt. No. 83 at 8.)  Worker's compensation and medical documents, if any, indicating injuries sustained during the assault "incident" are "relevant" to this action because they may help indicate whether plaintiff was actually combative toward the officers, and this may bear on the material fact of whether there was good cause for any alleged physical "battery" of plaintiff.[8]  Arguably, a lack of responsive workers' compensation and medical documents could potentially lend support to plaintiff's theory that he was attacked by a correctional officer without any cause.  Moreover, because Rule 26 permits the discovery of information which "may simply relate to the *credibility* of a witness or other evidence in the case," at the very least plaintiff might use the requested

---

[7] The request also assumes defendants have access to or control over the "medical records" of employees, something plaintiff has not argued or attempted to prove.  However, defendants did not raise the objection that no such documents were in their possession, custody, or control.  The failure to raise that particular objection may be harmless, however, as defendants did object on the grounds that no such documents were currently in "existence" as to them.

[8] During the hearing, counsel for the defendants did not dispute that construed in this narrow fashion, the request seeks potentially relevant information.

documents to impeach officers' representations that plaintiff caused them injury. Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 603-04 (C.D. Cal. 1995) (quoting treatise) (emphasis in original). Accordingly, the request seeks relevant documents within the meaning of Rule 26(b)(1). Likewise, the documents cannot be said to be "not reasonably calculated to lead to the discovery of admissible evidence."

While defendants further objected on grounds that such documents were not in "existence," it is conceivable that records of workers' compensation claims filed as a result of the August 10, 2008 incident involving plaintiff may exist and be within defendants' custody and control. The same is true with respect to any medical documents that may have been created as a result of defendants' employees' injuries arising from the August 20, 2008 incident. The actual existence of these documents is not clear from defendants' response: defendants raise multiple objections to the request *but* conclude by stating that "[n]o further production is necessary or appropriate," thereby intimating that responsive documents might exist, but that defendants refuse to produce them on grounds that they view such production unnecessary and inappropriate. This response does not meet defendants' obligations under the Federal Rules.

Further, while defendants' privacy and HIPAA objections may be valid with respect to these workers' compensation and medical documents, defendants have not satisfied their obligation to clearly state that responsive documents do not exist, have already been produced, or exist *but* are being withheld on privacy grounds or due to other objections.[9] See generally Fed. R. Civ. P. 34(b)(2)(B)-(C). Defendants' reference to previously-produced documents is not sufficient, as defendants have not clearly stated whether responsive *workers' compensation documents* and/or other *medical* documents have been produced already. Finally,

---

[9] If defendants *do* have responsive documents but wish to withhold them on privacy grounds, plaintiff should be made aware of this fact, and the parties should continue their meet-and-confer obligations to ensure that redaction, a protective order, in camera review, or other privacy-guarding measures are implemented to properly balance the need for discovery against the need for privacy. Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995).

defendants' belief that "[n]o further production is necessary or appropriate" is not a proper objection.

In sum, the requested workers' compensation and medical documents are potentially relevant, and the portion of Request No. 2 seeking them is not so vague or ambiguous that defendants' response is impossible. This narrow portion of the request is not over-burdensome or otherwise clearly objectionable—except perhaps on privacy grounds—and defendants were obligated to respond to it. They did not do so.[10] There is no clear indication defendants already produced all responsive workers' compensation documents.[11] There is no clear indication defendants have such documents in their control but refuse to produce them. There is no clear indication that such responsive documents simply do not exist.[12] Accordingly, as to the clause in plaintiff's Request No. 2 seeking "information regarding any application for Workmens' Compensation benefits" and "medical" documents arising from the "'incident' of August 10, 2008," plaintiff's motion to compel is granted. As to all remaining aspects of plaintiff's motion to compel, including all other clauses in Request No. 2, the motion is denied.

Defendants have requested "an adequate time for an appropriate response" to plaintiff's discovery request in the event that plaintiff's motions are not denied in full. (Response at 7.) Because the undersigned grants plaintiff's motion to compel only as to a very narrow category of documents (specifically, workers' compensation documents relating to injuries

---

[10] If documents sought by motion for production of documents were not in existence, it was incumbent on objecting parties to so state under oath and not by way of a general unverified allegation. Jensen v. Boston Ins. Co., 20 F.R.D. 619, 621-22 (N.D. Cal. 1957).

[11] During the hearing, counsel for the defendants indicated that defendants may have already produced some documents potentially responsive to the request as narrowly construed by the court. However, there is no indication that all responsive workers' compensation and medical documents (i.e., those arising from injuries sustained as a result of the alleged altercation on August 10, 2010) have already been produced.

[12] If no responsive workers' compensation documents exist, defendants should simply say so. If such documents *do* exist, the next step would be meeting and conferring about privacy concerns and appropriate redaction or a protective order, as described above.

arising from the assault incident on August 10, 2008), and because during the hearing defendants' attorney represented that he could file and serve a written response to this narrow request within fourteen days, the request for additional time is denied as moot. Within fourteen days of the date this order is signed, defendants must provide a proper written response clearly indicating whether responsive workers' compensation or medical documents exist or do not exist, and clearly indicating whether such documents will or will not be produced due to objections (or the fact that all such documents have already been produced). The responses may include proper objections.

          2.     <u>Sanctions</u>

As expressly provided by Rule 37(a)(5)(A), the court "shall" require the moving or opposing party to pay reasonable expenses *unless* the motion or opposition is substantially justified. Substantial justification is found when reasonable people could disagree as to whether the requested discovery was required. <u>Eureka Financial Corp. v. Hartford Acc. and Indem. Co.</u>, 136 F.R.D. 179, 185-86 (E.D. Cal. 1991) (citing cases). No bad faith is required; even negligent failures to allow reasonable discovery may establish cause for imposing sanctions under Rule 37. <u>Id.</u> However, in imposing sanctions under Rule 37, the court has great discretion and its decision is only reviewed for an abuse of that discretion." <u>Id.</u>

As noted infra, however, the timing of plaintiff's filing—almost immediately upon the heels of receiving defendant's discovery responses and objections—suggests that "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A). Defendants have confirmed that plaintiff has not properly met and conferred prior to filing his motions. (Response at 6.) Plaintiff's own statements during the hearing confirmed that he failed to significantly meet and confer before filing his motion. Accordingly, the undersigned will not require that defendants pay plaintiff's reasonable expenses in connection with this motion. It would be unjust to do so.

////

1        3.      Request for Extension of Time to Complete Discovery

Plaintiff has not demonstrated diligence or "good cause" for extending the discovery cutoff and, accordingly, plaintiff's request will be denied under the applicable legal standard.

Plaintiff filed his FAC in December 2009, and the court entered its Status (Pretrial Scheduling) Order on August 18, 2010. (Dkt. No. 64.) That order set March 31, 2011 as the cutoff for hearing discovery motions and April 14, 2011 as the discovery cutoff itself. (Id.) Thus, plaintiff had roughly seven months to complete discovery. Plaintiff served the two discovery requests at issue on December 28, 2010. (Dkt. No. 82 at 9-10.) Defendants appear to have timely served plaintiff with their responses to the two requests. (Dkt. No. 83 at 8 (defendants' counsel signed discovery responses and dated them January 27, 2011).) Plaintiff filed the pending motions a few days later, on January 4, 2011. (Dkt. Nos. 80-81.) Plaintiff argues that he has attempted to exchange written discovery with defendants, prior to propounding the requests embraced by his motions, but defendants "produced not one single answer" and were strategically "waiting for the clock to run out. . . ." (Dkt. No. 80 at 2.)

Notwithstanding both parties' frustration at a perhaps contentious meet-and-confer process, however, none of plaintiff's proffered reasons suggest why plaintiff was unable to complete discovery over the course of seven months. Plaintiff has not shown that defendants' objections and discovery responses were so improper such that a 90-day extension for discovery is warranted. It was *plaintiff* who decided to notice his discovery motion for the last possible day permitted by the court's Scheduling Order (Dkt. No. 64) and *plaintiff* who decided to file the pending motions without meaningful meet-and-confer efforts. Further, plaintiff does not provide an adequate explanation regarding why he was unable to formulate and propound the at-issue discovery requests sooner, or avoid waiting until the last possible date (March 31, 2011) to set his discovery motion for hearing. Disagreeing with defendants' objections to discovery responses and otherwise blaming and disparaging defendants' counsel for not providing

discovery responses to plaintiff's satisfaction does not entitle plaintiff to a time extension or show plaintiff's diligence.  Essentially, it appears plaintiff would like to truly *begin* discovery at this late date, with a looming law and motion completion deadline of June 9, 2011, and a trial scheduled for September of 2011.  (Dkt. No. 64.)  The time to begin discovery commenced in August 2010, and it would be unfair to defendants to permit plaintiff to start significantly developing his case at this late date without a showing of good cause.

Although plaintiff's motion to compel is granted in part (on the narrow issue of responsive "workers' compensation" and "medical" documents arising from any injuries defendants' employees allegedly sustained as a result of the alleged assault "incident" on August 10, 2008), this does not require an extension of the discovery deadline.  The March 31, 2011, discovery motion cutoff is followed by a two-week period for the parties to complete any discovery ordered by the court as a result of motions to compel.  (Dkt. No. 64 (setting the discovery cutoff as April 14, 2011.)  While the undersigned orders defendants to provide a substantive response to the "workers' compensation" and "medical" document request as described above, as well as to produce documents responsive to that narrow request (if any) there is no reason that discovery on this additional narrow issue cannot be fully completed by the discovery cutoff of April 14, 2011, or within a few days thereafter.

Accordingly, the undersigned denies plaintiff's request to extend the discovery completion deadline and related deadlines for a 90-day period.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Dkt. Nos. 81-83, 86) defendants' responses to Requests No. 1 and 2, propounded by plaintiff on December 28, 2010, is granted with respect to the portion of Request No. 2 that seeks "information regarding any application for Workmens' Compensation benefits" and "medical" documents arising from the "'incident' of August 10, 2008." Defendants shall have fourteen (14) days from the date this order is signed to both file and serve an updated written response to the "Workmens' Compensation" clause of Request No.

2. Defendants shall have twenty (20) days from the date this order is signed to provide plaintiff with copies of documents responsive to the "Workmens' Compensation" clause of Request No. 2. If defendants cannot provide responsive documents without running afoul of privacy concerns or for other reasons, even with redaction or a stipulated protective order, within fourteen (14) days of the date this order is signed, defendants shall file a motion seeking additional time to comply with this Order.

      2.     As to every other aspect of plaintiff's motion to compel (Dkt. Nos. 81-83, 86), the motion is denied.

      3.     Plaintiff's motion for a 90-day extension of the discovery cutoff (Dkt. No. 80) is denied.

      4.     No sanctions will be awarded in connection with plaintiff's motions, as plaintiff failed to properly meet and confer prior to filing them and has otherwise failed to properly comply with Eastern District Local Rule 251.

      5.     *If, in the future, plaintiff's filings do not comply with the requirements of the Eastern District Local Rules, those filings <u>will be rejected</u> and may result in "entry of an order adverse" to plaintiff, up to and including dismissal of his action with prejudice.*

**IT IS SO ORDERED.**

DATED: April 1, 2011

                                        _____
                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE